IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD BAYUS, | ) |
| | ) |
| Plaintiff, | ) Civil. No. 04-6435-HO |
| | ) |
| v. | ) ORDER |
| | ) |
| NORDSTROM INCORPORATED, a Washington Corporation, | ) |
| | ) |
| Defendant. | ) |

Plaintiff brings this action asserting gender discrimination, age discrimination and wrongful discharge under both state and federal law. Defendant moves for summary judgment (#11) as to all claims.

Plaintiff commenced employment at defendant's store in Salem, Oregon on November 20, 2001. Plaintiff terminated his employment at the Salem store effective January 2, 2002. Defendant rehired

plaintiff as a temporary employee from June 1, 2002, to June 23, 2002.

Defendant again hired plaintiff on June 12, 2003, as a sales associate to work a pending sale. Plaintiff intended to only work for the summer, but later decided to continue his employment with defendant. Plaintiff continued working at the Salem store until he resigned on January 4, 2004.

At about the time of his 90 day review in October of 2003, plaintiff expressed an interest in the men's department assistant manager position. At this time, defendant informed plaintiff that a new department manager would soon arrive and that plaintiff should talk to the new manager about the assistant manager position. Plaintiff alleges that he requested, of management, an interview for the position several times but was denied. Plaintiff specifically alleges that he expressed an interest in the position to Anthony Stevens, his manager; Laurie Jo LaFollette, the store manager; Lisa Lind of Human Resources; and Traci Stephenson, the then new manager of the men's department. Plaintiff contends that during the time he was making inquiries about getting an interview for the position, other female employees had been interviewed for the position. Plaintiff alleges he resigned because he felt he had no future at Nordstrom since defendant repeatedly refused to interview him while interviewing others.

Defendant maintains that it did not conduct interviews for the position until February 2004. The position was filled by Katherine Schildermeyer on April 1, 2004. At the time she was hired, Schildermeyer was about 30 years of age and plaintiff was about 57 years of age.

DISCUSSION

A.  Gender Discrimination

Plaintiff may establish a prima facie case for gender discrimination by showing: (1) he belongs to a protected class (males); (2) he applied for and was qualified for a job for which the employer was seeking applicants; (3) despite being qualified, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from people of comparable qualifications. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In the alternative, plaintiff may establish a prima facie case by showing that it is more likely than not that a protected characteristic played a motivating part in the decision not to hire him for the management position. See Price Waterhouse v. Hopkins, 490 U.S. 228, 247 n. 12 (1989). Once the plaintiff meets that burden, the employer may escape liability only by proving by way of an affirmative defense that the employment decision would have been the same even if the characteristic had played no role. Id. at 243-47.

It does not appear that plaintiff formally applied for the position. However, it is undisputed that plaintiff made inquiries about the job and asked for an interview. Assuming plaintiff's interest and request for an interview qualifies as applying for the job, it still requires speculation to find that defendant rejected plaintiff because plaintiff quit before the interviews began.

Plaintiff offers speculation and hearsay evidence in an attempt to demonstrate a question of fact as to whether the interviews began prior to February of 2004 or whether plaintiff was rejected for the job. For instance, plaintiff offers a letter from a co-worker, Jesse Martinez, regarding rejection. Plaintiff otherwise offers his own statements as to what other employees such as "Vicki" and "Jana" allegedly told him about being interviewed.[1] Plaintiff offers no affidavits or declarations to support these contentions. Defendant offers declarations and sworn testimony that plaintiff was invited to interview for the position as soon as the interviews would begin, that interviews began in February of 2004 (one month after plaintiff resigned), and that an assistant manager in the men's department was not actually hired until April of 2004. Plaintiff's speculation fails to present a genuine issue of fact as to his prima facie case.

---

[1] Plaintiff initially alleged that another employee, Erika Koster, was actually hired for the position while he still worked for defendant based on a statement Koster allegedly made to him.

In the alternative, there is no dispute that only women were interviewed for the position plaintiff alleges he applied for. However, plaintiff fails to demonstrate a material issue of fact that it is more likely than not that a protected characteristic played a motivating part in the decision not to hire him for the management position since he had long since departed.[2] Defendant's motion for summary judgment is granted with respect to this claim.

B.  Age Discrimination

To establish a prima facie case of age discrimination, plaintiff must show: (1) he was a member of a protected class [age 40-70]; (2) he was performing his job in a satisfactory manner or was qualified for the job he sought; (3) he was discharged or not hired; and (4) he was replaced or passed over by a substantially younger employee with equal or inferior qualifications. See Nidds v. Schindler Elevator Corp., 113 F3d 912, 917 (9th Cir. 1996).

Defendant argues that plaintiff voluntarily resigned, as he had done in the past, and therefore plaintiff cannot establish the element of discharge. Plaintiff contends that he was subjected to a continuous pattern of discriminatory conduct based on the failure

---

[2]Moreover, plaintiff only offers hearsay evidence that those with qualifications similar to his were interviewed for the position. The supported evidence demonstrates that plaintiff lacked the qualifications and experience of those interviewed and the person actually hired for the position. In addition, plaintiff presents no evidence that other males sought the position.

to interview him for the management position. Other than the fact that he was not interviewed, plaintiff offers nothing more than speculation that he was subjected to discrimination. As noted above, the interviews took place after plaintiff resigned.

To establish a claim for constructive discharge, plaintiff must show that a reasonable person in his position would have felt that he was forced to quit because of intolerable and discriminatory working conditions. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1465 (9th Cir. 1994). Whether working conditions are so intolerable and discriminatory as to justify a reasonable employee's decision to resign is normally a factual question for the jury. In general, however, a single isolated incident is insufficient as a matter of law to support a finding of constructive discharge. Thus, a plaintiff alleging a constructive discharge must show some aggravating factors, such as a continuous pattern of discriminatory treatment. See Sanchez v. City of Santa Ana, 915 F.2d 424, 431 (9th Cir. 1990). Plaintiff's allegations do not demonstrate such a pattern. Cf. Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1410-11 (9th Cir. 1996) (repeatedly being told that the company wanted someone younger for the position plaintiff sought and then hiring a younger person was not enough to show constructive discharge).

As noted above, plaintiff was not actually interviewed for the job and thus not rejected before he resigned. Thus, he cannot

demonstrate that he was not hired or promoted for purposes of a prima facie case. Moreover, plaintiff was not passed over by an employee with equal or inferior qualifications. The evidence supported by the record demonstrates that the person hired for the job had considerably more experience than plaintiff.

Defendant's motion for summary judgment is granted with respect to this claim.

## C.  State Claims for Gender and Age Discrimination

The Oregon standard for proving discrimination is substantially the same as the standard under Title VII. See City of Portland v. Bureau of Labor and Industries, 64 Or. App. 341, 344 (1983). Accordingly, defendant's summary judgment motion is also granted with respect to plaintiff's state law age and gender discrimination claims.

## D.  Wrongful Discharge

Plaintiff argues that he was forced to quit because of intolerable discriminatory conditions. As noted above, plaintiff has failed to demonstrate conditions sufficient to show a constructive discharge. Plaintiff continues to rely on hearsay evidence such as his contention that someone (other than the actual person hired) was promoted to the job he sought during his tenure with defendant to support his claim. Such baseless accusations

cannot overcome a summary judgment motion. Plaintiff fails to demonstrate a discharge and, accordingly, defendant's motion for summary judgment is granted.

CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (#11) is granted and this action is dismissed.

DATED this 8th day of December, 2005.

*/s/ Michael R. Hogan*
United States District Judge